UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------X

PANAGIOTIS KASSERIS, individually and on
behalf of all other similarly situated employees,

                       Plaintiff,

    -against-

ZA & D SERVICE STATION INC.,
ANTHONY KOULIZAKIS, and
NIKOLAS KOULIZAKIS,
                       Defendants.
--------------------------------------------------------**X**

Civ. Case No.: 23-cv-06281

**SECOND AMENDED COMPLAINT**

## NATURE OF THE ACTION

1.     Plaintiff Panagiotis Kasseris ("Mr. Kasseris" or "Plaintiff"), by and through his attorneys, Solomos & Storms, PLLC, files his amended complaint and brings this collective and class action on behalf of himself and on behalf of all other similarly situated employees ("Class") against Defendantss ZA & D SERVICE STATION INC., ANTHONY KOULIZAKIS, and NIKOLAS KOULIZAKIS (collectively "Defendants") seeking damages and other appropriate relief for their claims, including violations of the Fair Labor Standards Act ( "FLSA"), 29 U.S.C. §§ 201 *et seq.*, the New York Labor Law ("NYLL"), Articles 6, §§ 190 *et seq.*, and 19, §§ 650 *et seq.*, as well as the supporting New York State Department of Labor Regulations for Defendants' failure to pay Plaintiff and Class Members overtime compensation, straight-time minimum wage compensation, and comply with timeliness of pay, notice, and record-keeping requirements. Plaintiff alleges, with personal knowledge as to his own actions and upon information and belief as to those of others, as follows:

**JURISDICTION AND VENUE**

2.      This Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because this action arises under the laws of the United States; namely, the FLSA, 29 U.S.C. §§ 201 *et seq*.

3.      This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a) because the state law claims are so closely related to the federal claims that they form part of the same case or controversy.

4.      This Court may properly maintain personal jurisdiction over Defendants under Rule 4 of the Federal Rules of Civil Procedure because Defendants' contacts with this state and this judicial district are sufficient for exercise of jurisdiction over Defendants so as to comply with traditional notions of fair play and substantial justice.

5.      Venue is proper in the Southern District of New York under 28 U.S.C. §§ 1391(b)(1) and (2) because Defendants conduct business in this judicial district and because a substantial part of the acts or omissions giving rise to the claims set forth herein occurred in this judicial district.

**PARTIES**

A. **Plaintiff**

6.      Plaintiff is a resident of the State of New York, County of Queens. At all relevant times, Plaintiff was employed by Defendants and was a covered "employee" within the meaning of the FLSA, 29 U.S.C. § 203(e), and NYLL §§ 190(2) and 651. At all relevant times, Plaintiff was employed by Defendants within the meaning of the FLSA and NYLL.

**B.  Defendants**

7.      At all times relevant, Defendants ZA & D SERVICE STATION INC. is a for profit business with a principal place of business located at 3105 38th Ave., Long Island City, New York 11101.

8.      At all times relevant, Defendants ANTHONY KOULIZAKIS is an owner, officer and manager for ZA & D SERVICE STATION INC.

9.      At all times relevant, Defendants NIKOLAS KOULIZAKIS is an owner, officer and manager for ZA & D SERVICE STATION INC.

10.      Defendants do not have a tax-exempt status under the Internal Revenue Code, registered in accordance with New York's Estates, Powers and Trusts Law, and has been assigned the Federal or Employer Identification Number ("EIN") (unknown at this time) and New York State Registration Number "(unknown at this time)."

11.      At all relevant times, Defendants met the definition of a covered "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d) and all regulations thereunder, 29 C.F.R. § 791.2 and NYLL.

12.      According to the Plaintiff, and other axiomatic evidence, the Defendants is engaged in the business of auto-body, and auto-repair workmanship.

13.      At all relevant times, Defendants maintained control, oversight, and direction over Plaintiff and Class Members, including timekeeping, payroll and other employment practices.

14.      At all relevant times, Defendants was engaged in commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a), 207(a).

15.     At all relevant times, Defendants' annual gross volume of sales or income was over five hundred thousand dollars ($500,000), exclusive of separate retail excise taxes, within the meaning of the FLSA, 29 U.S.C. § 203(s)(1)(A)(ii).

## STATEMENT OF FACTS

16.     Plaintiff was employed by Defendants as a maintenance worker, custodian, and body shop painter for approximately five (5) years from January, 2018, to December, 2022. During this work period, the Plaintiff took off from work in certain years for certain times.

17.     Plaintiff, during this work period, took off from work for some time, in certain years, as approximated herein.

18.     In 2018, the Plaintiff worked for the Defendants from approximately January through December. In 2019, the Plaintiff worked for the Defendants approximately 10 months. In 2020, the Plaintiff worked for the Defendants approximately 6 months. In 2021, the Plaintiff worked for the Defendants approximately 10 months. In 2022, the Plaintiff worked for the Defendants from approximately January to December.

19.     For all years, the Plaintiff's hourly compensation was $37.50 per hour for a 40 hour work week, plus overtime. For all years, the Plaintiff's position was an auto body repairman. The Plaintiff was given additional duties in the later years of his employment. For all years, the Plaintiff's title was Auto-Body repairman.

20.     For all years the Plaintiff was employed by the Defendants (certain periods from 2018 to 2022), the Defendants promised to pay the Plaintiff, orally and in writing, that the Plaintiff would be paid $1,500.00 dollars for a 40 hour work week, which is $37.50 per hour, plus overtime.

21.     On or about July of 2018, Defendants assigned all body shop duties within the shop regarding vehicle damage to Plaintiff.

22.     Following this new assignment, Plaintiff was required to perform administrative duties, including: (a) reviewing car damage contracts, estimates drawings, mock-ups, and other documents related to maintenance and body shop projects involving Defendants work orders; (b) conducting research relating to project planning and issues on ongoing projects; (c) troubleshooting vehicle body work repairs.

23.     In addition, Plaintiff was also required to continue to perform his regular duties as a maintenance worker, custodian, and auto body shop technician.

24.     Plaintiff performed work for Defendants both on Defendants' premises as well as from the Defendants' other locations.

25.     At all times, Plaintiff performed manual labor in the autobody shop was from approximately 8 a.m. to 6 p.m., Monday through Friday.  In addition, Plaintiff also worked some Saturdays. For the duration of his employment, Plaintiff worked Monday through Friday 8 a.m. to 6 p.m., and 8 a.m. to 3 p.m. every Saturday.  There were times when the Plaintiff worked additional hours at the Defendants' request.

26.     During his workday, Plaintiff was allotted one (1) hour for breaks and meals, which was supposed to result in a standard eight (8) hour workday.

27.     However, due to the administrative requirements of Plaintiff's employment following his promotion, Plaintiff consistently worked in excess of forty (40) hours per week throughout his employment with Defendants.

28.     Specifically, from January 2018 through September 2022, Plaintiff worked overtime for two (2) or three (3) hours each day, including on days he was scheduled to be off from work, in addition to his regular on-site work hours.

29.　　As a result of working overtime in addition to his regular on-site work hours, Plaintiff worked an additional of ten (10) to twenty-one (21) hours overtime each week, depending on the week.

30.　　At all times, Defendants failed to pay Plaintiff any straight-time or overtime compensation for all hours worked in excess of forty (40) hours per week.

31.　　At all relevant times, Plaintiff was a non-exempt employee entitled to overtime compensation for all hours worked in excess of forty (40) hours per week.

32.　　Despite Plaintiff's post-promotion job title, Plaintiff did not, in fact, have managerial command or authority over any of Defendants' employees.

33.　　Consequently, Plaintiff was never charged or tasked, nor was Plaintiff at any point granted authority to, hire, terminate or manage the employment of any Defendants employee(s).

34.　　Additionally, Plaintiff was never employed as an executive or professional as defined in the FLSA, 29 U.S.C. § 213(a)(1) and regulations thereunder, 29 C.F.R. §§ 541.100, 541.101, 541.102, 541.104, 541.200, 541.300, 541.301, 541.302, 541.303, 541.304, 541.400, 541.402, or 541.500.

35.　　As a maintenance worker, custodian, and auto body-shop technician, Plaintiff spent substantially more than fifty percent (50%) of his workday performing physical labor, including but not limited to: (a) car body-work and paint; (b) replacing car body parts, (c) ensuring that premises' ingress and egress points were free of clutter at all times; (d) taking and maintaining inventory of cleaning and maintenance supplies and equipment; (e) snow removal, which often included the use of machinery and snow removal equipment; (f) maintenance and repairs such as plastering, painting, and repairing bodywork; and (g) performing other maintenance work, as needed, on Defendants premises.

36.    At all times during his employment, Plaintiff was paid once (1) week.

37.    At the time of Plaintiff's hiring, Defendants failed to provide him with notice of his overtime rates of pay and the regular pay day designated by Defendants.

38.    Throughout his employment with Defendants, Defendants failed to provide Plaintiff with any time sheets, or other documents accurately showing the number of hours worked, rate of pay and compensation due.

## COLLECTIVE ACTION ALLEGATIONS

39.    Plaintiff repeats and realleges every allegation above as if set forth herein in full.

40.    As this Complaint pertains to Causes of Action I and III, Plaintiff, on behalf of himself and all other similarly situated current and former employees of Defendants, including their parent, subsidiary and affiliated companies, brings this action as a collective action under the FLSA, pursuant to 29 U.S.C. § 216(b), to recover damages for unpaid overtime compensation and unpaid minimum wages on behalf of the following individuals:

> All persons employed by Defendants at any time from November 2019 to the present and continuing who worked as non-exempt employees of Defendants who did not receive overtime compensation and/or minimum wages ("Collective").

41.    Plaintiff and Collective Members are similarly situated in as much as they were required to work in excess of forty (40) hours per week without overtime and/or straight time compensation, in violation of the FLSA.

42.    Plaintiff and Collective Members have/had substantially similar job duties and are/were paid pursuant to a similar, if not the same, payment structure.

43.    The claims of Plaintiff as stated herein are similar to those of the Collective Members.

44.     Defendants have known that Plaintiff and Collective Members performed work that required overtime compensation and minimum wages. Nonetheless, Defendants failed to pay Plaintiff and Collective Members overtime and/or straight time compensation for all hours worked in excess of forty (40) hours per week.

45.     As a result of these unlawful practices, Plaintiff and Collective Members suffered a loss of wages.

46.     Defendants' conduct has been willful and has caused significant damages to Plaintiff and Collective Members.

## CLASS ALLEGATIONS

47.     Plaintiff repeats and realleges every allegation above as if set forth herein in full.

48.     Plaintiff brings this action on his own behalf, and on behalf of the following Classes pursuant to Fed. R. Civ. P. 23(a), 23(b) (2), and/or 23(b) (3):

> **National Class:** All persons employed by Defendants at any time from November 2016 to the present and continuing who worked as non-exempt employees of Defendants and did not receive: (1) overtime compensation for all hours worked in excess of forty (40) hours per week; (2) minimum wages for all hours worked; (3) timely weekly payment of their wages; and/or (4) wage notices and accurate wage statements at the time of hiring and during the course of their employment.

> **New York Subclass:** All persons in New York employed by Defendants at any time from November 2016 to the present and continuing who worked as non-exempt employees of Defendants and did not receive: (1) overtime compensation for all hours worked in excess of forty (40) hours per week; (2) minimum wages for all hours worked; (3) timely weekly payment of their wages; and/or (4) wage notices and accurate wage statements at the time of hiring and during the course of their employment.

49.     Plaintiff reserves the right to amend or modify the Class definitions in connection with a motion for Class certification or as warranted by discovery.

50. This action has been brought and may properly be maintained on behalf of the Class proposed herein under the criteria set forth in Federal Rule of Civil Procedure 23.

51. Plaintiff does not know the exact size of the proposed Class; however, Plaintiff believes that the Class encompasses hundreds of individuals who are dispersed throughout the United States and the State of New York. Therefore, the proposed Class is so numerous that joinder of all members is impracticable.

52. The identity and address of each Class member can be readily ascertained through mass advertisement and should be in the possession of Defendants. Class Members may be notified of the pendency of this action by mail and/or electronic mail and/or other electronic and social media means.

53. There are questions of law and fact that are common to the Class and predominate over any questions affecting only individual members of the Class. The damages sustained by Plaintiff and Class Members arise from the common nucleus of operative facts surrounding Defendants' misconduct. The common questions include, but are not limited to:

    a. Whether Defendants were required to and failed to pay Plaintiff and Class Members overtime compensation for all hours worked in excess of forty (40) hours per week;

    b. Whether Defendants were required to and failed to pay Plaintiff and Class Members minimum wages for all hours worked;

    c. Whether Defendants were required to and failed to timely compensate Plaintiff and Class Members weekly instead of every two (2) weeks; and

    d. Whether Defendants were required to and failed to provide Plaintiff and Class Members with wage notices and accurate wage statements and the time of hire and during the course of their employment.

54. Plaintiff's claims are typical of the claims of the Class since each Class member was subject the same unlawful practices and course of conduct. Furthermore, Plaintiff and all members of the Class sustained monetary damages including, but not limited to, ascertainable loss

arising out of Defendants' wrongful conduct. Plaintiff is advancing the same claims and legal theories on behalf of himself and all absent Class Members.

55.     Plaintiff is committed to the vigorous prosecution of the Class's claims. Plaintiff will fairly and adequately represent the interests of the Class. No conflict of interest exists between the representative and the Class Members or with respect to the claims for relief requested.

56.     The representative and his chosen attorneys are familiar with the subject matter of the lawsuit and have full knowledge of the allegations contained in this complaint so as to be able to assist in its prosecution. The representative's attorneys are competent in the relevant areas of the law, have sufficient experience to vigorously represent the Class, and the resources to ensure that this litigation will not be hampered by a lack of financial capacity.

57.     A class action is superior to other methods for the fair and efficient adjudication of this controversy. The damages suffered by each individual Class member do not justify the burden and expense of individual prosecution of the complex and extensive litigation necessitated by Defendants' conduct. Further, it would be virtually impossible for the members of the Class to individually and effectively redress the wrongs done to them. A class action regarding the issues in this case does not create any problems of manageability. The class action device presents far fewer management difficulties than alternative methods of adjudication, and provides the benefit of single adjudication, economy of scale, and comprehensive supervision by a single court.

58.     The Class may also be certified because:

   a.   the prosecution of separate actions by the individual members of the Class would create a risk of inconsistent or varying adjudication with respect to individual Class Members which would establish incompatible standards of conduct for Defendants;

   b.   the prosecution of separate actions by individual Class Members would create a risk of adjudications with respect to them which would, as a practical matter, be dispositive of the interests of the other Class Members not parties to the adjudications, or substantially impair or impede the ability to protect their interests; and

10

     c.   Defendants have acted or refused to act on grounds generally applicable to the Class, thereby making appropriate final and injunctive relief with respect to the members of the Class as a whole.

59.     Injunctive and declaratory Class-wide relief is also appropriate because Defendants have acted or refused to act on grounds generally applicable to the Class.

**COUNT I**
**UNPAID OVERTIME WAGES IN VIOLATION OF THE FLSA**

60.     Plaintiff and the Class and Collective Members hereby repeat and reallege all allegations set forth above as if fully set forth herein.

61.     The FLSA, 29 U.S.C. § 207(a)(1), requires an employer to pay an employee engaged in commerce or in an enterprise engaged in commerce for all hours worked in excess of forty (40) hours per week "at a rate not less than one and one-half times the regular rate at which he is employed."

62.     Throughout Plaintiff's and Class and Collective Members' employment with Defendants, Defendants were employers engaged in commerce or in an enterprise engaged in commerce within the meaning of the FLSA.

63.     Throughout Plaintiff's and Class and Collective Members' employment with Defendants, Plaintiffs and Collective Members were employees engaged in commerce or in an enterprise engaged in commerce within the meaning of the FLSA.

64.     In violation of the FLSA, 29 U.S.C. § 207(a)(1), Defendants failed to pay Plaintiff and Class and Collective Members any overtime compensation for all hours worked in excess of forty (40) hours per week.

65.     Defendants' unlawful conduct, as set forth herein, has been willful and intentional. Defendants were aware, or should have been aware, that the practices set forth in this Complaint

were unlawful. Accordingly, a three (3) year statute of limitations is applicable pursuant to 29 U.S.C. § 255(a).

66.     Defendants are liable to Plaintiff and Class and Collective Members as the responsible and chief entities directing the operations and internal practices of Defendants for these violations occurring during Plaintiff and Collective Members' employment with said Defendants.

67.     As a result of Defendants' violations of the FLSA, Plaintiff and Class and Collective Members have been deprived of overtime compensation and other wages in an amount to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, attorneys' fees, costs, disbursements, post-judgment interest, and other compensation pursuant to 29 U.S.C. § 216(b).

**COUNT II**
**UNPAID OVERTIME WAGES IN VIOLATION OF THE NYLL**

68.     Plaintiff and Class Members hereby repeat and reallege all allegations set forth above as if fully set forth herein.

69.     Part 142 of Title 12 of the Codes, Rules, and Regulations of the State of New York requires that "[a]n employer shall pay an employee for overtime at a wage rate of 1 ½ times the employee's regular rate."

70.     At all relevant times, Defendants were employers within the meaning of the NYLL.

71.     At all relevant times, Plaintiff and Class Members were employees within the meaning of the NYLL.

72.     In violation of NYLL §§ 190 *et seq.* and the supporting New York State Department of Labor regulations, 12 N.Y.C.R.R. Part 142-2.2, Defendants failed to pay Plaintiff and Class Members any overtime compensation for all hours worked in excess of forty (40) hours per week.

73.     Defendants' failure to pay Plaintiff and Class Members their overtime compensation lacked a good faith basis within the meaning of NYLL § 663.

74.     Defendants are liable to Plaintiff and Class Members as the responsible and chief entities directing the operations and internal practices of Defendants for these violations occurring during Plaintiff and Class Members' employment with said Defendants.

75.     As a result of Defendants' violations of the NYLL, Plaintiff and Class Members have been deprived of overtime compensation and other wages in an amount to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, attorneys' fees, costs, disbursements, pre-judgment and post-judgment interest, and other compensation pursuant to NYLL § 198(1-a).

<u>**COUNT III**</u>
**UNPAID MINIMUM WAGES IN VIOLATION OF THE FLSA**

76.     Plaintiff and the Class and Collective Members hereby repeat and reallege all allegations set forth above as if fully set forth herein.

77.     The FLSA, 29 U.S.C. § 206, requires an employer to pay an employee engaged in commerce or in an enterprise engaged in commerce a statutory minimum wage for all hours worked.

78.     Throughout Plaintiff's and Class and Collective Members' employment with Defendants, Defendants were employers engaged in commerce or in an enterprise engaged in commerce within the meaning of the FLSA.

79.     Throughout Plaintiff's and Class and Collective Members' employment with Defendants, Plaintiff and Class and Collective Members were employees engaged in commerce or in an enterprise engaged in commerce within the meaning of the FLSA.

80. In violation of the FLSA, 29 U.S.C. § 206, Defendants failed to pay Plaintiff and Class and Collective Members any wages for all hours worked in excess of forty (40) hours per week.

81. Defendants' unlawful conduct, as set forth herein, has been willful and intentional. Defendants were aware, or should have been aware, that the practices set forth in this Complaint were unlawful. Accordingly, a three (3) year statute of limitations is applicable pursuant to 29 U.S.C. § 255(a).

82. Defendants are liable to Plaintiff and Class and Collective Members as the responsible and chief entities directing the operations and internal practices of Defendants and SHP for these violations occurring during Plaintiff and Class and Collective Members' employment with said Defendants.

83. As a result of Defendants' violations of the FLSA, Plaintiff and Class and Collective Members have been deprived of minimum wages in an amount to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, attorneys' fees, costs, disbursements, post-judgment interest, and other compensation pursuant to 29 U.S.C. § 216(b).

## <u>COUNT IV</u>
## UNPAID MINIMUM WAGES IN VIOLATION OF THE NYLL

84. Plaintiff and Class Members hereby repeat and reallege all allegations set forth above as if fully set forth herein.

85. NYLL § 652 requires an employer to pay its employees a statutory minimum wage for all hours worked.

86. At all relevant times, Defendants were employers within the meaning of the NYLL.

87. At all relevant times, Plaintiff and Class Members were employees within the meaning of the NYLL.

88.     In violation of NYLL § 652, Defendants failed to pay Plaintiff and Class Members any wages for all hours worked in excess of forty (40) hours per week.

89.     In violation of NYLL § 652, from January 2018, through September, 2022, Defendants failed to pay Plaintiff and Class Members in accordance with the New York State applicable statutory minimum wage.

90.     Defendants failure to pay Plaintiff and Class Members' minimum wages lacked a good faith basis within the meaning of NYLL § 663.

91.     Defendants liable to Plaintiff and Class Members as the responsible and chief entities directing the operations and internal practices of Defendants for these violations occurring during Plaintiff and Class Members' employment with said Defendants.

92.     As a result of Defendants' violations of the NYLL, Plaintiff and Class Members have been deprived of minimum wages in an amount to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, attorneys' fees, costs, disbursements, pre-judgment and post-judgment interest, and other compensation pursuant to NYLL § 198(1-a).

<u>**COUNT V**</u>
**FAILURE TO PAY MANUAL WORKER WAGES WEEKLY IN VIOLATION OF THE NYLL**

93.     Plaintiff and the Class Members hereby repeat and reallege all allegations set forth above as if fully set forth herein.

94.     At all relevant times, Defendants were employers within the meaning of the NYLL.

95.     At all relevant times, Plaintiff and Class Members were employees within the meaning of the NYLL.

96.     At all relevant times, Plaintiff and Class Members were manual workers within the meaning of NYLL § 191.

97.     At all relevant times, Defendants willfully violated Plaintiff's and Class Members' rights by failing to pay them their earned wages as a manual worker within the meaning of NYLL § 191(1)(a)(i) within seven (7) days of the end of the week in which they were earned.

98.     Defendants are liable to Plaintiff and Class Members as the responsible and chief entities directing the operations and internal practices of Defendants for these violations occurring during Plaintiff and Class Members' employment with said Defendants.

99.     As a result of Defendants' violations of NYLL § 191, Plaintiff and Class Members are entitled to recover liquidated damages, attorneys' fees, costs, disbursements, pre-judgment and post-judgment interest, and other compensation pursuant to NYLL § 198(1-a).

## <u>COUNT VI</u>
## FAILURE TO PROVIDE TIMELY PAYMENTS IN VIOLATION OF THE NYLL

100.    Plaintiff hereby repeats and realleges all allegations set forth above as if fully set forth herein.

101.    NYLL § 191(1)(d) requires that "[a] clerical and other worker shall be paid the wages earned in accordance with the agreed terms of employment, but no less frequently than semi-monthly, on regular pay days designated in advance by the employer."

102.    At all relevant times, Defendants were employers within the meaning of the NYLL.

103.    At all relevant times, Plaintiff and Class Members were employees within the meaning of the NYLL.

104.    In violation of NYLL § 191(1)(d), Defendants failed to timely pay Plaintiff and Class Members overtime and straight time compensation for all hours worked in excess of forty (40) hours per week.

105.    In violation of NYLL § 191(1)(d), Defendants failed to pay Plaintiff and Class Members minimum wages earned.

16

106.    Defendants liable to Plaintiff and Class Members as the responsible and chief entities directing the operations and internal practices of Defendants for these violations occurring during Plaintiff and Class Members' employment with said Defendants.

107.    As a result of Defendants' violations of the NYLL, Plaintiff and Class Members have been deprived of timely minimum wages, overtime and straight time compensation in an amount to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, attorneys' fees, costs, disbursements, pre-judgment and post-judgment interest, and other compensation pursuant to NYLL § 198(1-a).

<u>COUNT VII</u>
**FAILURE TO PROVIDE ACCURATE WAGE STATEMENTS IN VIOLATION OF THE NYLL**

108.    Plaintiff hereby repeats and realleges all allegations set forth above as if fully set forth herein.

109.    NYLL § 195(3) requires an employer to furnish to each employee, together with every payment of wages, a statement that accurately lists the dates of work covered by the payment of wages, the number of regular hours and overtime hours worked, the regular and overtime rates or rates of pay, and any allowances claimed.

110.    At all relevant times, Defendants were employers within the meaning of the NYLL.

111.    At all relevant times, Plaintiff and Class Members were employees within the meaning of the NYLL.

112.    In violation of NYLL § 195(3), Defendants failed to provide Plaintiff and Class Members with any wage statements, time sheets, or other documents accurately showing the amount of hours worked, rate of pay and compensation owed.

113.     Defendants are liable to Plaintiff and Class Members as the responsible and chief entities directing the operations and internal practices of Defendants for these violations occurring during Plaintiff and Class Members' employment with said Defendants.

114.     As a result of Defendants' violations of the NYLL, Plaintiff and Class Members are entitled to recover from Defendants statutory damages in the amount of two hundred and fifty dollars ($250) per workday that the violation occurred, up to a maximum of five thousand Dollars ($5,000), together with costs and attorneys' fees, pursuant to NYLL § 198(1-d).

<u>COUNT VIII</u>
**FAILURE TO PROVIDE NOTICE AT TIME OF HIRING IN VIOLATION OF THE NYLL**

115.     Plaintiff and Class Members hereby repeat and reallege all allegations set forth above as if fully set forth herein.

116.     NYLL § 195(1) requires an employer to provide each employee at the time of hiring with a notice containing the rate or rates of pay and basis thereof, allowances claimed as part of the minimum wage, and the regular pay day designated by the employer.

117.     At all relevant times, all Defendants were employers within the meaning of the NYLL.

118.     At all relevant times, Plaintiff and Class Members were employees within the meaning of the NYLL.

119.     In violation of NYLL § 195(1), Defendants failed to provide Plaintiff and Class Members with a notice of their hourly and overtime rates of pay at the time of hiring, and the regular pay day designated by Defendants.

120.    Defendants are liable to Plaintiff and Class Members as the responsible and chief entities directing the operations and internal practices of Defendants for these violations occurring during Plaintiff and Class Members' employment with said Defendants.

121.    As a result of Defendants' violations of the NYLL, Plaintiff and Class Members are entitled to recover from Defendants statutory damages in the amount of fifty dollars ($50) per workday that the violation occurred, up to a maximum of five thousand Dollars ($5,000), together with costs and attorneys' fees, pursuant to NYLL § 198(1-b).

**REQUEST FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests relief against Defendants, jointly and severally, and that a judgment be entered in his favor awarding the following:

a.  Designating this action as a collective action and authorizing prompt issuance of notice, pursuant to 29 U.S.C. § 216(b), to all putative Collective action members apprising them of the pendency of this action, and permitting them promptly to file consents to be Plaintiffs in the FLSA claims in this action;

b.  Notice to the Class of this action;

c.  Appoint Plaintiff as the representative of the Class and his counsel as Class counsel;

d.  Issuance of a declaratory judgment that the practices complained of in this Complaint are unlawful under the FLSA, 29 U.S.C. §§ 201 *et seq.*, NYLL Articles 6, §§ 190 *et seq.*, 7, § 215, and 19, §§ 650 *et seq.*, as well as the supporting New York State Department of Labor regulations;

e.  Unpaid overtime compensation under the FLSA and an additional and equal amount as liquidated damages, pursuant to 29 U.S.C. § 216(b) and the supporting United States Department of Labor Regulations;

f.  If liquidated damages pursuant to the FLSA, 29 U.S.C. § 216(b), are not awarded, an award of prejudgment interest, pursuant to 28 U.S.C. § 1961;

g.  Unpaid overtime compensation and minimum wages under the NYLL and an additional and equal amount as liquidated damages, pursuant to NYLL §§ 198(1-a), 663(1);

h.  An award of liquidated damages and interest for each late payment of wages pursuant to NYLL § 191(1)(a)(i);

i.  An award of statutory damages for Defendants' failure to provide Plaintiffs with wage statements and notice at the time of hiring, pursuant to NYLL §§ 198(1-b) and (1-d);

j.  An award of prejudgment interest of nine percent per annum (9%), pursuant to the New York Civil Practice Law and Rules §§ 5001-5004;

k.  An award of post-judgment interest, pursuant to 28 U.S.C. § 1961 and/or the New York Civil Practice Law and Rules §§ 5003-5004;

l.  An award of reasonable attorneys' fees, costs, disbursements and further expenses up to fifty dollars ($50), pursuant to 29 U.S.C. § 216(b) and NYLL §§ 198(1), 198(1-a), 198(1-b), 198(1-d), 663(1); and

m.  Any such other and further relief as the Court deems just and proper.

**JURY TRIAL DEMANDED**

122.  Plaintiff demands a trial by jury on all issues so triable.

Dated: January 25, 2024
   New York, New York

           Respectfully submitted,

           **SOLOMOS & STORMS, PLLC**

           /s/ *Derrick Storms*
           Derrick Storms, Esq.
           33-08 Broadway
           Astoria, NY 11106
           Tel: (718) 278-5900
           Derrick@SolomosStorms.com
           *Attorneys for Plaintiff*