UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
PANAGIOTIS KASSERIS, individually and
on behalf of all other similarly situated employees,

    Plaintiff,           REPORT AND
                   RECOMMENDATION
  -against-           23 CV 6281 (NCM)(RML)

ZA & D SERVICE STATION INC., et al.,

    Defendants.
---------------------------------------------------------------X

LEVY, United States District Judge:

  Plaintiff Panagiotis Kasseris ("plaintiff") moves for leave to file a third amended complaint to add a claim for breach of contract. (Plaintiff's Second Motion to Amend Complaint, dated July 10, 2024, Dkt. No. 39.) For the reasons stated below, I respectfully recommend that plaintiff's motion be denied.[1]

## BACKGROUND

  Plaintiff filed this wage and hour action on February 9, 2023, asserting claims against defendant ZA & D Service Station, Inc. ("ZA & D") under the Fair Labor Standards Act, 29 U.S.C. §§ 201, et seq., and the New York Labor Law. (See Complaint, dated Feb. 9, 2023, Dkt. No. 1.) Plaintiff added Anthony Koulizakis and Nikolas Koulizakis (together with ZA & D,

---

[1] Because denial of a motion to amend may be considered dispositive, I am issuing a report and recommendation instead of a memorandum and order. See 28 U.S.C. § 636; Fossil Grp., Inc. v. Angel Seller LLC, 627 F. Supp. 3d 180, 187-88 (E.D.N.Y. 2022) (citing Computer Assocs. Int'l v. Simple.com, Inc., No. 02 CV 2748, 2006 WL 8441407, at *2 n.2 (E.D.N.Y. Sept. 30, 2006) ("This Court generally issues a decision and order when a motion to amend is granted and a report and recommendation when a motion to amend should be denied because of the dispositive effect of denying the inclusion of a claim.")).

"defendants") as defendants in his Second Amended Complaint. (See Second Amended Complaint, filed Mar. 7, 2024, Dkt. No. 29.)

Plaintiff alleges that he worked for defendants performing autobody repairs from 2018 to 2022, excluding some months taken off from work during that period. (Id. ¶¶ 18-19.) Plaintiff alleges that defendants failed to pay him minimum hourly wages and overtime compensation, and otherwise comply with notice and timekeeping requirements under federal and state law. (Id. ¶ 1.)

On July 10, 2024, plaintiff filed the instant motion to amend his complaint for the third time to add a breach of contract claim. (See Plaintiff's Memorandum of Law, dated July 10, 2024 ("Pl.'s Mem."), Dkt. No. 39-1, at 1.)) Plaintiff alleges that defendants breached their employment contract with plaintiff by failing to pay him the agreed-upon wage of $37.50 per hour. (Id. at 4.) Plaintiff relies on an employment letter, dated March 27, 2018 (the "Employment Letter"), which states his weekly salary as $1,500. (Id.; Declaration of Derrick Storms, Esq., dated July 10, 2024 ("Storms Decl."), Dkt. No. 39-2, Ex. 1.) The Employment Letter, which is addressed "To whom it may concern," was signed by defendant Anthony Koulizakis, presumably to be provided to a landlord, confirming plaintiff's employment so that he could rent an apartment. (See Defendants' Memorandum in Opposition to Plaintiff's Motion ("Defs.' Mem."), dated July 13, 2024, Dkt. No. 40, at 5; Storms Decl., Ex. 1.) Defendants argue that the Employment Letter did not create or reflect a binding contract to pay plaintiff $37.50 per hour. (Defs.' Mem. at 11-12.)

## DISCUSSION

Rule 15 of the Federal Rules of Civil Procedure provides that courts "should freely give leave [to amend] when justice so requires." FED. R. CIV. P. 15(a)(2). While there is

typically a presumption in favor of granting leave to amend, a court nonetheless has discretion to deny leave "for good reason, including futility, bad faith, undue delay, or undue prejudice to the opposing party." Bensch v. Est. of Umar, 2 F.4th 70, 81 (2d Cir. 2021) (quoting McCarthy v. Dun & Bradstreet Corp., 482 F.3d 184, 200 (2d Cir. 2007)). The opposing party bears the burden of establishing that the amendment would be futile or otherwise inappropriate. Speedfit LLC v. Woodway USA, Inc., No. 13 CV 1276, 2015 WL 6143697, at *3 (E.D.N.Y. Oct. 19, 2015). An amendment may be considered prejudicial if it would "require the opponent to expend significant additional resources to conduct discovery and prepare for trial" or "significantly delay the resolution of the dispute." AEP Energy Serv. Gas Holding Co. v. Bank of Am., 626 F.3d 699, 725-26 (2d Cir. 2010) (citation omitted). Mere delay, absent a showing of bad faith or undue prejudice, will not provide a basis for denial. Disability Rights New York v. New York, 17 CV 6965, 2024 WL 4189223, at *3 (E.D.N.Y Sept. 13, 2024). Still, "the longer the period of unexplained delay, the less will be required of the non-moving party in terms of showing prejudice." Prompt Nursing Emp. Agency LLC v. Valdez, 222 F. Supp. 3d 194, 201 (E.D.N.Y. 2016) (quoting Evans v. Syracuse City Sch. Dist., 704 F.2d 44, 47 (2d Cir. 1983)).

A court may also deny leave to amend by reason of futility if the proposed pleading would not survive a Rule 12(b)(6) motion to dismiss. Milanese v. Rust-Oleum Corp., 244 F.3d 104, 110 (2d Cir. 2001). A plaintiff's proposed amendment "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

Courts in the Second Circuit "routinely hold that motions to amend are untimely when filed after the close of discovery." Weaver v. Warrington, No. 14 CV 7097, 2018 WL

3

5253110, at *1 (E.D.N.Y. Oct. 22, 2018) (collecting cases).  Here, discovery closed on May 2, 2024, and defendants state that they are in the process of preparing to file a motion for summary judgment.  (Defs.' Mem. at 5.)  Accordingly, allowing this late amendment would cause undue prejudice to defendants.  See Guity v. Uniondale Free Sch. Dist., No. 12 CV 1482, 2014 WL 795576, at *8 (E.D.N.Y. Feb. 27, 2014) (finding a likelihood of undue prejudice where discovery was closed and a motion for summary judgment was pending).

   Moreover, a breach of contract claim under New York law requires proof of: "(i) the formation of a contract between the parties; (ii) performance by the plaintiff; (iii) failure of defendant to perform; and (iv) damages." Nick's Garage, Inc. v. Progressive Cas. Ins. Co., 875 F.3d 107, 114 (2d Cir. 2017) (quoting Johnson v. Nextel Commc'ns, Inc., 660 F.3d 131, 142 (2d Cir. 2011).  Plaintiff's claim hinges on the value of the Employment Letter as a valid contract.  It is axiomatic that a legally enforceable contract requires mutual assent expressed by an offer, acceptance, and consideration.  RESTATEMENT (SECOND) OF CONTRACTS § 17.  As defendants point out, the Employment Letter does not show the existence of mutual assent between plaintiff and defendants or reflect plaintiff's acceptance of any offer of employment by defendants.  Instead, the letter gives proof of plaintiff's employment, presumably stemming from some other contract or agreement between the parties.  Plaintiff cites no authority, and the court's research uncovered none, for the proposition that a proof of employment letter sent by an employer to a third party constitutes an employment contract.  Moreover, according to defendants, plaintiff was not actually working for them at the time the employment letter was signed.  (Defs.' Mem. at 11.)  Rather, the letter was sent as a favor to plaintiff to help him rent an apartment.  (Id. at 12-13.)  The absence of further evidence supporting plaintiff's breach of contract claim suggests that the

4

claim would not survive a Rule 12(b)(6) motion to dismiss, rendering the proposed amendment futile.

In sum, while the Employment Letter may suggest the existence of some agreement between plaintiff and defendants, it cannot stand alone as the basis for a breach of contract claim.  Although plaintiff was undoubtedly employed by defendants, there is no evidence beyond the Employment Letter of an agreed-upon hourly wage of $37.50.  Plaintiff has consequently failed to plead facts sufficient to support a facially plausible breach of contract claim, and I therefore recommend that his motion to add a breach of contract claim be denied.  See Jenkins v. NYC Health & Hosps. Corp., No. 21 CV 2848, 2023 WL 4534637, at *6 (S.D.N.Y. July 13, 2023) (denying motion to amend complaint to include breach of contract claims "because such claims would be futile.").

## CONCLUSION

For the reasons stated above, I respectfully recommend that plaintiff's motion to amend be denied.  Any objections to this Report and Recommendation must be filed electronically within fourteen days.  Failure to file objections within the specified time waives the right to appeal the district court's order.  See 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72, 6(a), 6(d).

Respectfully submitted,

/s/
ROBERT M. LEVY
United States Magistrate Judge

Dated: Brooklyn, New York
       January 13, 2025

5