UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

PANAGIOTIS KASSERIS,

*Plaintiff,*

– against –

ZA & D SERVICE STATION, INC.;
ANTHONY KOULIZAKIS,

*Defendants.*

**ORDER**
23-cv-06281 (NCM) (SDE)

**NATASHA C. MERLE**, United States District Judge:

Before the Court is defendants' motion for reconsideration of the Court's February 23, 2026 Order ("Order") finding that plaintiff has established Article III standing for his wage statement and wage notice claims pursuant to New York Labor Law ("NYLL") § 195. *See* Mem. of Law in Supp. of Mot. for Reconsideration ("Motion"), ECF No. 59. For the reasons that follow, defendants' Motion is **DENIED**.

The "major grounds" warranting reconsideration of an order or judgment include an "intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Commerzbank AG v. U.S. Bank, N.A.*, 100 F.4th 362, 377 (2d Cir. 2024).[1] A motion for reconsideration "is an extraordinary request that is granted only in rare circumstances[.]" *Van Buskirk v. United Grp. of Cos.*, 935 F.3d 49, 54 (2d Cir. 2019). Thus, such a motion will be denied "unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the

---

[1]     Throughout this Order, the Court omits all internal quotation marks, footnotes, and citations, and adopts all alterations, unless otherwise indicated.

court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). Moreover, the purpose of a motion for reconsideration is not to make new arguments that could have previously been raised. *See Brown v. City of New York*, 622 F. App'x 19, 19–20 (2d Cir. 2015) (summary order).

Defendants plainly fall short of meeting the requisite burden here. First, defendants seek reconsideration of the Court's resolution of an issue it raised sua sponte. *See* Mem. & Order 36–40, ECF No. 52.[2] Indeed, in lieu of advancing the arguments defendants now press concerning plaintiff's lack of Article III standing, defendants instead devoted six pages of their opening brief for summary judgment to the separate issue of seeking sanctions for opposing counsel's conduct. *See* Mem. of Law in Supp. of Mot. for Summ. J., 16–21, ECF No. 49. Moreover, even after the Court raised the issue and plaintiff belatedly responded to the Court's Order to Show Cause, defendants' initial response was devoid of substantive legal arguments challenging plaintiff's standing. *See* Defs.' Letter dated Feb. 13, 2026, ECF No. 57. The extent of defendants' argument was as follows: "The Court is asked to not allow such late and prejudicial filings—particularly as the claims were not properly pleaded, nor supported and no opposition was filed regarding the dismissal of such claims as stated by the Court." *See* Defs.' Letter dated Feb. 13, 2026 at 1. Defendants now attempt to raise new arguments through the vehicle of a motion for reconsideration—this alone merits denial of their motion. *See Nicholas v. Bratton*, No. 15-cv-09592, 2019 WL 2223407, at *2 (S.D.N.Y. May 23, 2019) ("[A] party's attempt to raise new arguments on reconsideration is itself sufficient to warrant rejecting them."); *In re Furstenberg Fin. SAS*, 785 F. App'x 882, 886 (2d Cir. 2019) (summary

---

[2]     Throughout this Order, page numbers for docket filings refer to the page numbers assigned in ECF filing headers.

order) ("[A] party may not advance new arguments or requests for relief in a motion for reconsideration if they were not previously presented to the Court[.]").

However, even if the Court were to consider defendants' belated and conclusory arguments, none of them warrant reconsideration of the Court's Order. Defendants do not point to any controlling decisions that would have changed the Court's decision, an intervening change in controlling law, new evidence, or the need to correct clear error or prevent manifest injustice. Instead, defendants' arguments simply amount to disagreement with the Court's conclusion, which is "not a basis for reconsideration." *Becnel v. Deutsche Bank AG*, 838 F. Supp. 2d 168, 171 n.16 (S.D.N.Y. 2011). For instance, defendants incorrectly suggest that the Court misinterpreted the Second Circuit's decision in *Guthrie v. Rainbow Fencing, Inc.*, 113 F.4th 300 (2d Cir. 2024) to "dispense" with the requirement set forth in *TransUnion LLC v. Ramirez*, 594 U.S. 413 (2021), that an "alleged injury be concrete and supported by evidence at the state of litigation in which it is asserted." Mot. 7. This is of course inaccurate. As the Court explained in its order on defendants' motion for summary judgment: "a plaintiff seeking to maintain wage notice and wage statement claims under the NYLL must adequately show a concrete injury-in-fact resulting from the failure to provide the wage notices and wage statements. Accordingly, a plaintiff must show a downstream harm." Mem. & Order 37. And thus, upon review of plaintiff's supplementary allegations, the Court found that plaintiff's testimony that "if he had the wage statements he would have confronted the defendants sooner and more often" and "would have advocated for the proper payment of his wages more," and accordingly, "likely would have been paid because he had clear proof of the time he worked," was sufficient to show at the summary judgment stage a downstream, concrete, and particularized injury. *See* Order (quoting Kasseris Decl. ¶¶ 14–15, ECF No.

3

55-1); *see Zambrano v. Envios Espinoza, Inc.*, No. 22-cv-03031, 2025 WL 1808694, at *13 (E.D.N.Y. July 1, 2025) (finding that the plaintiffs established standing at summary judgment stage because they identified that the "[d]efendants' failure to provide [the] [p]laintiffs with [wage] information caused [the] [p]laintiffs to endure uncertainty regarding their wages and prevented them from taking action to correct the [d]efendants' wage and hour violations as [the] [p]laintiffs had no means to confirm that they were being compensated in accordance with the terms of their employment"); *see also Sanchez v. Clipper Realty, Inc.*, No. 21-cv-08502, 2026 WL 496555, at *21 (S.D.N.Y. Feb. 23, 2026) (granting the plaintiffs summary judgment and finding their declarations that the "[d]efendants' violations impaired their ability to seek relief due to a lack of information," was adequate to "establish[] actual and concrete downstream harm as a result of [the] [d]efendants' failure to provide the required wage and hour notices and wage statements").

For similar reasons, defendants' argument that plaintiff presents "hypothetical" and "speculative" statements that do not satisfy the summary judgment burden is misguided. *See* Mot. 5, 7. In his declaration, plaintiff—under penalty of perjury—attests that he would have undertaken advocacy on his own behalf to recover unpaid wages had defendants provided wage statements and notices as required by law, *see* Kasseris Decl. ¶ 14, and that the lack of such statements and notices prevented him from doing so, *see* Kasseris Decl. ¶ 17 ("The fact that I only speak Greek made it more difficult to explain to attorneys what was happening to me[.] The lack of wage notices made it difficult for me to retain counsel and explain my situation to attorneys[.]"). Thus, contrary to defendants' argument, plaintiff does in fact present "competent evidence at the summary judgment stage," Mot. 7, to establish standing, *see Charles v. Pinnacle Too, LLC*, No. 22-cv-04232,

2024 WL 4491560, at *15 (S.D.N.Y. Oct. 15, 2024) ("To survive summary judgment, potential plaintiffs would likely need to submit sufficient affidavits or provide credible testimony that the failure to provide wage statements and wage notices caused downstream harm because the lack of such statements led to lost wages."); *cf. Lorenzo v. Dee Mark Inc.*, No. 23-cv-00048, 2026 WL 494070, at *11 (S.D.N.Y. Feb. 23, 2026) ("[The] [p]laintiff submits no affidavit and points to no evidence to demonstrate that [the] [d]efendants' failure to provide compliant wage notices and wage statements led to concrete harm in the form of lost wages or otherwise.").

To the extent defendants believe plaintiff's testimony to be incredible or there is evidence in the record that contradicts plaintiff's assertions, this raises, at most, an issue of fact for trial. It does not merit granting the extraordinary request of a motion for reconsideration. *See Toxqui v. R&P Pizza Corp.*, No. 24-cv-03339, 2025 WL 2430569, at *10 (S.D.N.Y. Aug. 22, 2025) (concluding that "[w]hether [the plaintiff] has standing to pursue [wage notice and statement] claim[s] is an outstanding material fact to be ascertained at trial," where the plaintiffs' 56.1 statement asserted that "they were harmed by the lack of notice in that they were effectively denied the opportunity to accurately calculate and check that the wages they were being paid were lawful"); *Martinenko v. 212 Steakhhouse, Inc.*, No. 22-cv-00518, 2024 WL 4275286, at *10 (S.D.N.Y. Sep. 24, 2024) (finding that issues of fact precluded summary judgment on wage notice and statement claims where "[t]he parties offer[ed] competing evidence as to whether [the plaintiff] in fact would have undertaken . . . advocacy if accurate notices had been provided"); *accord Miller v. Lamanna*, --- F.4th ---, No. 24-cv-2314, 2026 WL 643744, at *6 (2d Cir. Mar. 9, 2026) ("[T]he risk of error was compounded because [the] defendants did not object to the adequacy of [the plaintiff's] pleadings until the summary judgment stage. Had [the]

defendants objected earlier, [the plaintiff's] complaint presumably could have been cured[.]").

## CONCLUSION

Accordingly, for the foregoing reasons, defendants' motion for reconsideration is **DENIED**. Additionally, defendants' request in the alternative for the Court to certify the standing issue for interlocutory appeal, Reply Mem. of Law in Supp. of Mot. 7–9, ECF No. 68, is **DENIED**. *See Masri v. Liebowitz*, No. 24-cv-01284, 2024 WL 3606233, at *2 (S.D.N.Y. July 29, 2024) ("The ultimate decision of whether to certify an interlocutory appeal is entirely a matter of discretion for the district court."); *see also In re Roman Catholic Diocese*, 745 F.3d 30, 36 (2d Cir. 2014).

**SO ORDERED.**

          */s/ Natasha C. Merle*
NATASHA C. MERLE
United States District Judge

Dated: March 20, 2026
Brooklyn, New York

6